**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IBN AMIR MUHAMMAD MCCLAIN,

    Plaintiff,

   vs.

SECRETARY LAUREL HARRY and
CORRECTIONS OFFICER NATHAN BLACK,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:25-1499

Magistrate Judge Patricia L. Dodge

**<u>MEMORANDUM OPINION</u>**

Plaintiff Ibn Amir Muhammad McClain ("McClain"), a prisoner currently incarcerated at

the State Correctional Institution at Camp Hill, Pennsylvania (SCI Camp Hill), and previously

incarcerated at SCI Pine Grove, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983

and other statutes, raising claims under the Fourth, Fifth and Eighth Amendments to the United

States Constitution arising out of an incident in which his property was taken or destroyed. Named

as Defendants are Pennsylvania Department of Corrections ("DOC") Secretary Laurel Harry and

Nathan Black, a corrections officer at SCI Pine Grove who allegedly took McClain's property.

Currently pending before the Court is Defendants' motion to dismiss the Complaint. (ECF

No. 23). The motion has been fully briefed (ECF Nos. 24, 30). For the reasons that follow, the

motion will be granted.

## I.  <u>Procedural History</u>

Plaintiff filed a motion to proceed in forma pauperis on September 26, 2025. After he

corrected various deficiencies, the motion was granted and the Complaint was filed on November

10, 2025 (ECF No. 11). Defendants filed the pending motion to dismiss on April 16, 2026 (ECF

No. 23) and Plaintiff filed a brief in opposition on May 12, 2026 (ECF No. 30).

## II.      Factual Allegations

McClain alleges that, on July 6, 2025, Officer Black took two envelopes and a request slip out of his door on E Block Unit D, Cell 1008 at SCI Pine Grove.  Black placed one of the envelopes in the proper box and then walked off the pod with the other and never returned. McClain alleges that Officer Black intentionally discarded an envelope that contained photos of his deceased family members which cannot be replaced. As a result, McClain has experienced anxiety attacks whenever he thinks of these photographs and this event triggers post-traumatic stress disorder and emotional turmoil for him. (Compl. at 4-5.) He requests $250,000.00 in compensatory damages for the loss of the photographs, punitive damages and attorneys' fees. (*Id.* at 5.)

## III.      Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted.  The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).  Mere "possibilities" of misconduct are insufficient.  *Id.* at 679.  The Court of Appeals has summarized the inquiry as follows:

To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In addition, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiff has attached to the Complaint the grievance he filed in connection with this incident, which may be considered without converting the motion into a motion for summary judgment.

IV.     **Discussion**

A. Civil Rights Claims under the Eighth, Fourth and Fifth Amendments

Plaintiff's claims are asserted under 42 U.S.C. § 1983. As the Supreme Court has held, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is

to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Plaintiff alleges that the destruction of his family photos represents a violation of his rights under the Eighth Amendment, which protects prisoners from "cruel and unusual punishment." An Eighth Amendment claim requires a deprivation that is "sufficiently serious," such as when a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).[1]

In fact, courts have specifically rejected Eighth Amendment claims that are based on the facts presented here. *See Wongus v. Correctional Emergency Response Team*, 389 F. Supp. 3d 294, 300 (E.D. Pa. 2019) ("The alleged confiscation of Plaintiff's family photographs does not deprive Plaintiff of the necessities of life for purposes of an Eighth Amendment claim."). *See also Meekins v. DOC's Graterford*, 745 F. App'x 443, 444 n.2 (3d Cir. 2018) (rejecting prisoner's argument that the destruction of his television stated a claim under the Eighth Amendment). While McClain may have suffered emotional harm from the loss of his family photos, the law does not recognize that their destruction deprived him of a necessity of life. Therefore, he has failed to state an Eighth Amendment claim.

McClain also cites the Fourth Amendment, which addresses unreasonable searches and seizures. However, "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 536 U.S. 517, 536 (1984). Thus, to the extent that McClain attempts to assert a Fourth Amendment claim, it fails as a matter of law.

---

[1] McClain cites a Third Circuit decision holding that a prison official who is deliberately indifferent to an inmate's health or safety may be liable under the Eighth Amendment. *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020). But the facts of that case, which involve an inmate who was being held in solitary confinement for a long time, bears no resemblance to the situation described here.

4

Finally, while McClain also references the Fifth Amendment, "the Fifth Amendment applies to actions of the federal government, not state actions." *Santos v. Secretary of D.H.S.*, 532 F. App'x 29, 33 (3d Cir. 2013) (citing *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n. 11 (3d Cir. 2005)). Therefore, the Fifth Amendment does not apply to the Defendants named in this case, both of whom are state actors.

Plaintiff's claims are based on the loss of property. As a result, this case is governed by the Fourteenth Amendment, which prohibits states from depriving "any person of life, liberty, or property, without due process of law." Although Plaintiff has not cited the Fourteenth Amendment as a basis for his claims, Defendants have addressed this issue, and the Court will proceed to analyze a claim under the Fourteenth Amendment.

### B.  Liability for Destruction of Personal Property

Defendants contend that a claim that state officials have deprived a prisoner of personal property does not state a recognizable § 1983 action.

The United States Supreme Court has stated that: "the existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment." *Parratt v. Taylor*, 451 U.S. 527, 542 (1981) (citation omitted), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Further, it is not relevant whether the alleged loss of the inmate's property occurred as the result of negligent or intentional conduct. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy.")

As explained by the district court in *Rossiter v. Andrews*, 1997 WL 137195, at *4 (E.D. Pa. Mar. 25, 1997):

> Pennsylvania does provide an adequate remedy for inmates whose property has been lost, stolen, or destroyed by prison officials. Inmate grievance procedures, as well [as] the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541-8546, are available to plaintiff, and provide him with adequate postdeprivation remedies. *See Iseley v. Horn*, 1996 WL 510090, at *6 (E.D. Pa. [Sept. 3, 1996)]); *Rambert v. Durant*, 1996 WL 253322, at *2 (E.D. Pa. [May 10, 1996]); *Ramos v. Vaughn*, 1995 WL 386573, at *8 (E.D. Pa. [June 27, 1995])), *aff'd mem.*, 85 F.3d 612 (3d Cir. 1996) (finding Pennsylvania inmate grievance procedures to be a meaningful postdeprivation remedy for the loss of property by a corrections officer); *see also Murray v. Martin*, 720 F. Supp. 65 (E.D. Pa. 1989) (noting that a prisoner alleging the intentional theft of his property by a corrections officers may pursue a civil damage action pursuant to the Political Subdivision Tort Claims Act).

*See also Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (finding DC-ADM 804 to be an adequate remedy).

As reflected in the grievance attached to the Complaint, McClain employed the remedy offered by the DOC grievance procedures by filing a grievance regarding his lost property. The fact that he did not receive a favorable response does not mean that he has a viable claim under the Fourteenth Amendment as it would not demonstrate that he had been deprived of his property "without due process of law."

Also available to him would be a state court claim under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8522(b)(3) (waiving sovereign immunity for claims arising out of personal property within the Commonwealth's care, custody or control). *See McNeil v. Grim*, 736 F. App'x 33, 35 (3d Cir. Aug. 29, 2011) (holding that a prisoner's claim of destruction of his property failed because "Pennsylvania's state tort law would provide an additional adequate remedy.") Plaintiff has not brought such a claim in this case.[2]

---

[2] Even if he had raised such a claim, the Court would decline to exercise supplemental jurisdiction over it after having dismissed all possible federal claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v.*

C.    Violations of DOC Policies and Procedures

Citing DC-ADM 001, McClain contends that it is the policy of the DOC not to subject prisoners to "corporal or unusual punishment, humiliation, mental abuse or punitive interference." A number of courts have held that prisoners cannot base claims on the alleged violation of DOC policies and procedures. *See, e.g., Lee v. Schrader*, 2014 WL 2112833, at *5 (W.D. Pa. May 20, 2014) (no claim based on failure to follow a DOC procedure); *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2008) ("a prison policy manual does not have the force of law and does not rise to the level of a regulation") (citation omitted).

In another case in which a prisoner alleged that destruction of his property violated DOC Code of Ethics and DC-ADM 815, the court held that "simple adoption and application of state law procedures, policies and regulations does not ordain those procedures, policies and regulations with federal constitutional protection" and that "the failure to follow regulations does not, in and of itself, result in a violation of due process." *Wesley v. Mooney*, 2017 WL 679855, at *4 (M.D. Pa. Feb. 21, 2017).

Therefore, to the extent that McClain bases his claims upon DOC regulations and policies, the motion to dismiss  any such claims will be granted.[3]

D.    Allowing Amendment

The Court of Appeals has held that "district courts must offer amendment—irrespective of whether it is requested—when dismissing a [pro se civil rights] case for failure to state a claim

---

*Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.")

[3] Defendants also argue that Secretary Harry should be dismissed because McClain fails to allege her personal involvement in the events at issue. Because the entire Complaint should be dismissed, it is not necessary to address this argument.

7

unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it would be futile to allow amendment. First, as discussed above, the Fourth, Fifth and Eighth Amendment claims fail as a matter of law. With respect to a Fourteenth Amendment claim, there are no facts that McClain could allege that would alter the legal principle stated above: a prisoner who has access to post-deprivation procedures, such as grievances and state court filings, cannot state a cognizable § 1983 action based upon the deprivation or destruction of his property by prison officials, even if prison officials did not follow the regulations or provide the relief promised. *See Johnson v. Wetzel*, 2019 WL 1282603, at *7 (M.D. Pa. Mar. 20, 2019) (dismissing inmate's claim of seizure of funds from his account and concluding that it would be futile to allow him to amend for these reasons).

Therefore, McClain's claims will be dismissed with prejudice.

An appropriate order follows.


Date: July 22, 2026                                  /s/ Patricia L. Dodge
                                                     PATRICIA L. DODGE
                                                     UNITED STATES MAGISTRATE JUDGE


cc:    IBN AMIR MUHAMMAD McCLAIN
       NE 3259
       SCI CAMP HILL
       P.O. Box 8837
       2500 Lisburn Road
       Camp Hill, PA 17001

8